[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Memorandum of Decision
The principal question in this administrative appeal is whether the hearing officer reasonably concluded that the plaintiff, who had surgery performed to remove a tumor in the area of the pancreas and the duodenum, did not have an "emergency" medical condition that would entitle her to the limited Medicaid coverage available to certain aliens. The court finds that the hearing officer's conclusion is reasonable. Because, however, the hearing officer did not reach a second issue raised by the plaintiff, the court remands the matter to the agency for a determination on that issue.
BACKGROUND
The record of the hearing before the defendant Department of Social Services ("the department") reveals the following facts. The plaintiff, Francisca Rosales, is a native of Honduras who was residing in the United States for a period of time on a visitor's visa.[1] On August 17, 18, CT Page 17212 and 19, 1999, the plaintiff was seen in the surgical clinic of the Stamford Hospital. Testing revealed that the plaintiff had a mass in the head of the pancreas. The plaintiff was extremely ill and in need of exploratory surgery. (Return of Record ("ROR"), p. 2.)[2]
On August 20, 1999, the plaintiff's treaters scheduled her for surgery to take place on August 23, which was the earliest date that the appropriate staff and operating room time were available. On August 23, doctors performed a radical pancreaticoduodenectomy to remove a gastrointestinal tumor.[3] (ROR, p. 2.) There was no evidence of malignancy. (ROR, p. 43.) As a result of the surgery, however, the plaintiff developed an abscess that required her continued hospitalization. She was unable to eat and sustain her nutritional requirements until she was completely free of infection. (ROR, p. 69.) On October 6, 1999, the plaintiff was discharged. (ROR, p. 2.)
The plaintiff thereafter applied for Medicaid benefits. A medical review team of the department denied coverage. The plaintiff requested a hearing to contest this determination and a hearing was held on September 5, 2000. (ROR, pp. 1-2, 164.) The hearing officer approved the department's denial of coverage, concluding that, "[f]rom August 17, 1999 until October 6, 1999, the [plaintiff's] medical condition was not of such severity that the absence of immediate medical attention could have resulted in placing the [plaintiff's] health in serious jeopardy." (ROR, p. 3.) With regard to the surgery, the hearing officer's reasoning was principally that the plaintiff "was operated on six days after presenting her symptoms." (ROR, p. 5.) The department denied a request for reconsideration. (ROR, p. 162.) The plaintiff has appealed to this court.
DISCUSSION
 I
This court does not have authority to decide on its own whether the plaintiff's condition qualified as an emergency. Under the Uniform Administrative Procedure Act, General Statutes § 4-166 et seq., which governs this appeal, judicial review is very restricted. See MacDermid,Inc. v. Department of Environmental Protection, 257 Conn. 128, 136,778 A.2d 7 (2001). On anything other than a pure question of law, this court reviews a decision of a hearing officer to determine whether there is "substantial evidence in the administrative record to support the agency's findings of basic fact and whether the conclusions drawn from those facts are reasonable." (Internal quotation marks omitted.) Schallenkamp v. DelPonte, 229 Conn. 31, 40, 639 A.2d 1018 (1994). SeeMacDermid, Inc. v. Department of Environmental Protection, supra, 137. CT Page 17213 Ordinarily, the court affords considerable deference to the construction given to regulations by the agency charged with their enforcement. SeeGriffin Hospital v. Commission on Hospitals Health Care, 200 Conn. 489,496-97, 512 A.2d 199 (1986).
Under both federal and state law, the Medicaid program provides coverage for an "unqualified alien" — one who, like the plaintiff, does not satisfy various immigration requirements — only in the event of an "emergency medical condition." (Internal quotation marks omitted.) Lewis v. Thompson, 252 F.3d 567, 577 (2d Cir. 2001); Connecticut Department of Social Services, Uniform Policy Manual ("UPM") § 3005.08 (2001). The allowance for emergency medical services for unqualified aliens under Medicaid is "very narrow." (Internal quotation marks omitted.) Lewis v. Thompson, supra, 252 F.3d 578. According to the state's regulations:
 A medical condition is considered an emergency when it is of such severity that the absence of immediate medical attention could result in placing the patient's health in serious jeopardy. This includes emergency labor and delivery, and emergencies related to pregnancy, but does not include care or services related to an organ transplant procedure.
UPM § 3000.01. The Second Circuit has observed that the use of the term "emergency" in the federal Medicaid law means that "[t]he emphasis is on severity, temporality and urgency." Greenery Rehabilitation Group,Inc. v. Hammon, 150 F.3d 226, 232 (2d Cir. 1998). That court has construed the term "immediate" in the same law to mean "medical care occurring . . . without loss of time or that is not secondary or remote." (Internal quotation marks omitted.) Id.
The hearing officer in this case essentially found that, while the plaintiff was extremely ill, her medical condition was not an emergency because the plaintiff could survive three days, from August 20 to August 23, 1999, until surgery could take place. The decision thus focused on the temporality and urgency of the condition rather than its severity. Although the regulations and the cases define "emergency" and "immediate," they understandably do not define a specific time beyond which treatment ceases to be of an immediate emergency nature. The court would readily approve a finding that a heart attack, a stroke, a significant wound from a gunshot or stabbing, or a choking incident qualified as medical emergencies because these conditions usually require transport by ambulance and treatment in the emergency room. On the other hand, for the word "emergency" to have any meaning, not every serious medical condition can qualify. Obviously, there are some serious CT Page 17214 illnesses or injuries that involve patients whose vital signs may be stable and do not require immediate medical attention. In between those two extremes, reasonable people might differ concerning whether a given medical condition requires treatment that is so immediate that it becomes an emergency.
The fact that this case falls between those extremes strongly suggests that the hearing officer acted reasonably. The court certainly cannot say that the hearing officer acted unreasonably in concluding that, because the plaintiff's surgery could wait, for whatever reason, for three days before it took place, the condition was not an emergency. There is a rational basis for this conclusion. It is reasonable to conclude that, if the plaintiff's condition truly qualified as an emergency, the hospital would have somehow performed the surgery sooner or transferred the plaintiff to another hospital. This conclusion is especially valid given that this court should interpret the medical emergency exception as "very narrow" and defer to the department's construction of its own regulations. Although the court may be sympathetic to those with minimal resources for important medical care, the court cannot decide this case or interpret the regulations based on sympathy. See Clark v.Commissioner, 209 Conn. 390, 406, 551 A.2d 729 (1988). The court accordingly upholds the department's denial of benefits for the surgery.
 II
The plaintiff's application for Medicaid benefits sought coverage for the months of August, September, and October, 1999. (ROR, p. 109.) A supporting medical report submitted by the plaintiff mentioned her postoperative complications and abdominal abscess and identified the date of onset as August 30, 1999. (ROR, p. 25.) The department's medical review team denied coverage based on the conclusion that the surgery on August 23 was not of an emergency nature and did not analyze the plaintiff's postsurgical abscess as a discrete medical condition. (ROR, pp. 16, 18.)
At the conclusion of the administrative hearing, the plaintiff argued that her infection and abscess was a separate medical emergency apart from the initial surgery. (ROR, pp. 205-06.) The hearing officer did not specifically address the plaintiff's postoperative complications, although he did find that the plaintiff's medical condition was not of an emergency nature "[f]rom August 17, 1999 until October 6, 1999 . . . (ROR, p. 3.) The plaintiff moved for reconsideration and asserted that "the hearing officer completely failed to address the applicant's additional argument that subsequent events during her hospitalization constitute medical emergencies, even if her initial condition did not." (ROR, p. 130.) The department denied reconsideration without discussing CT Page 17215 this additional argument. (ROR, p. 162.)
The plaintiff now asks for a remand to the department to consider this issue. Because the plaintiff clearly raised the issue of coverage for her postoperative complications at the hearing and in the motion for reconsideration, and because on neither occasion did the department clearly respond, the department's findings are insufficient. "[W]hen a trial court concludes that an administrative agency has made invalid or insufficient findings, the court must remand the case to the agency for further proceedings if the evidence does not support only one conclusion as a matter of law." Adriani v. Commission on Human Rights Opportunities, 220 Conn. 307, 329 n. 21, 596 A.2d 426 (1991). This court cannot say that the evidence on whether the plaintiff's postoperative abscess constituted an emergency supports only one conclusion as a matter of law. Accordingly, the court orders a remand to the agency on this issue only.
CONCLUSION
The appeal is dismissed in part, sustained in part, and remanded to the defendant for further proceedings consistent with this opinion.
Carl J. Schuman Judge, Superior Court